## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

EDWARD F. GRODEN, as EXECUTIVE DIRECTOR )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND, )
                         )
        Plaintiff, )
                         )      **C.A. No.:**
v. )
                         )
BUCK POINT CAMP CLUB, LLC, )
CROOKED LAKE PRESERVE, LLC, )
ALDER CREEK PROPERTIES, LLC, )
ALDER CREEK HUNTING CLUB, LLC, )
THOMAS M. COYNE AND THE THOMAS M. COYNE )
IRREVOCABLE TRUST, )
                         )
        Defendants. )

## COMPLAINT

1.    This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. § 1381 *et seq*., brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2.    This court has jurisdiction and venue lies in this district pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and ERISA § 4301, 29 U.S.C. § 1451.

3.    Plaintiff, Edward F. Groden, is the Executive Director of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

4.    The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning

of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The Pension Fund has its principal office at and is administered from One Wall Street, Burlington, Massachusetts 01803.

5.      Defendant Buck Point Camp Club, LLC ("Buck Point"), is a limited liability company with a principal place of business in Cazenovia, New York.

6.      Defendant Crooked Lake Preserve, LLC ("Crooked Lake"), is a limited liability company with a principal place of business in Cazenovia, New York.

7.      Defendant Alder Creek Properties, LLC ("Alder Creek"), is a limited liability company with a principal place of business in Cazenovia, New York.

8.      Defendant Alder Creek Hunting Club, LLC ("Alder Creek Hunting"), is a limited liability company with a principal place of business in Cazenovia, New York.

9.      Defendant Thomas M. Coyne ("Mr. Coyne"), is an individual with an address in Skaneateles, New York.

10.     Defendant The Thomas M. Coyne Irrevocable Trust ("Coyne Trust") is a trust formed under the laws of the State of New York.  Upon information and belief, it was created for the primary benefit of Defendant Mr. Coyne and can be altered, amended or changed during his lifetime.

11.     Teamsters Local Union No. 59 is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

12.     Non-party Coyne International Enterprises, Corp., ("Coyne International"), a New York corporation, was an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and an employer in an industry affecting commerce within the meaning of ERISA § 3(5), 29 U.S.C. §142(1) and § 152(2), (6) and (7).

13.     At all material times, Coyne International was obligated by the terms of one or more collective bargaining agreements between it and Teamsters Local Union No. 59, and by the terms of

the Agreement and Declaration of Trust to which Coyne International was bound to make contributions on behalf of certain employees to the Pension Fund.

14.     On or about October 30, 2015, Coyne International permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

15.     By letter dated November 4, 2015, the Pension Fund notified Coyne International that it had withdrawn and demanded payment of Coyne International's proportionate share of the Pension Fund's unfunded vested benefit liability.

16.     In demanding payment of Coyne International's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its estimated liability of $7,202,955 or, alternatively, payment pursuant to a schedule, the first payment of which was due to be made on January 3, 2016.

17.     On or about April 5, 2016, the Pension Fund notified Coyne International that it had recalculated the withdrawal liability amount and determined that the new amount was $9,862,886 based on a withdrawal date of December 4, 2015.

18.     Coyne International failed to make any payments on or before January 3, 2016 and did not initiate arbitration of any dispute concerning the Pension Fund's recalculated demand.

## COUNT I
(Withdrawal Liability as against Buck Point, Crooked Lake, Alder Creek and Alder Creek Hunting)

19.     Plaintiff hereby incorporates by reference paragraphs 1 through 18 of this Complaint as if set forth herein.

20.     On or about December 4, 2015, Mr. Coyne directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Coyne International.

21.     On or about December 4, 2015, Mr. Coyne directly or indirectly owned at least 80% of the membership interest in Crooked Lake and/or at least 80% of the profits interest or capital interest in Crooked Lake.

22.     During all relevant times, Crooked Lake owned real estate that was used by Coyne International, and specifically, for use by customers of Coyne International, and thus for the purpose of improving the profitability of Coyne International.

23.     On or about December 4, 2015, Mr. Coyne directly or indirectly owned at least 80% of the membership interest in Alder Creek and/or at least 80% of the profits interest or capital interest in Alder Creek.

24.     During all relevant times, Alder Creek leased real estate to Coyne International that was used in the regular business operations of Coyne International.

25.     On or about December 4, 2015, Mr. Coyne directly or indirectly owned at least 80% of the membership interest in Buck Point and/or at least 80% of the profits interest or capital interest in Buck Point.

26.     During all relevant times, Buck Point was a hunting club used for the benefit of Coyne International, and specifically, for use by customers of Coyne International, and thus for the purpose of improving the profitability of Coyne International.

27.     On or about December 4, 2015, Mr. Coyne directly or indirectly owned at least 80% of the membership interest in Alder Creek Hunting and/or at least 80% of the profits interest or capital interest in Alder Creek Hunting.

28.     During all relevant times, Alder Creek Hunting was a hunting club used for the benefit of Coyne International, and specifically, for use by customers of Coyne International, and thus for the purpose of improving the profitability of Coyne International.

29.     On or about December 4, 2015, Coyne International, Crooked Lake, Alder Creek, Buck Point, Alder Creek Hunting, and all other trades and businesses under common control with Coyne International, were a group of trades or businesses under common control (the "Coyne Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

30.     The Coyne Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

31.     During all relevant times, Coyne International was bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters under which Coyne International was required to make contributions to the Pension Fund on behalf of certain of its employees.

32.     The Pension Fund determined that on or about December 4, 2015, the Coyne Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

33.     As a result of the complete withdrawal, the Coyne Controlled Group incurred withdrawal liability to the Pension Fund, jointly and severally, in the principal amount of $9,862,886, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

34.     Upon information and belief, during all relevant times, Mr. Coyne was the chief executive officer and managing member of Crooked Lake, Alder Creek, Buck Point and Alder Creek Hunting.

35.     Also, as set forth in paragraphs 20, 21, 23, 25 and 27 above, Mr. Coyne was the primary, if not sole, owner of Coyne International, Crooked Lake, Alder Creek, Buck Point and Alder Creek Hunting on the December 4, 2015 date of withdrawal.

36.     Coyne International filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of New York on July 31, 2015.

37.     On April 27, 2016, the Pension Fund filed a proof of claim for the withdrawal liability in the bankruptcy case in the amount of $9,862,886.

38.     In addition, by no later than July 13, 2016, and in conjunction with the Pension Fund's request for a bankruptcy Rule 2004 examination, Mr. Coyne had knowledge both that Coyne International had effected a complete withdrawal from the Pension Fund in December 2015 and that the Coyne Controlled Group had incurred $9,862,886, in withdrawal liability as the result of the complete withdrawal.

39.     Indeed, in August 2016, the Pension Fund entered into a stipulation with Mr. Coyne pursuant to which Mr. Coyne would produce various documents to the Pension Fund, including those with respect to trades or businesses that were under common control with Coyne International, and also sit for a deposition.

40.     No member of the Coyne Controlled Group ever initiated arbitration with respect to the withdrawal liability pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).

41.     The Coyne Controlled Group has failed to pay the withdrawal liability to the Pension Fund.

42.     All members of the Coyne Controlled Group, including Crooked Lake, Alder Creek, Buck Point and Alder Creek Hunting, are jointly and severally liable to the Pension Fund for the withdrawal liability.

WHEREFORE, Plaintiff demands that judgment enter against Defendants Buck Point Camp Club, LLC, Crooked Lake Preserve, LLC, Alder Creek Properties, LLC, Alder Creek Hunting Club, LLC in accordance with ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1.    Awarding the Pension Fund the following amounts:

    a.    the withdrawal liability in the amount of $9,862,886;

    b.    interest on the withdrawal liability from the date the first payment was due;

    c.    liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d.    all costs and reasonable attorneys' fees incurred by the Pension Fund in connection with this action; and

2.    Ordering such other and further relief as this court may deem just and proper.

## COUNT II
### (Withdrawal Liability as against Mr. Coyne and Coyne Trust)

43.    Plaintiff herby incorporates by reference paragraphs 1 through 42 of this Complaint as if set forth herein.

44.    Upon information and belief, on or about October 24, 2016, Defendant Alder Creek sold real estate for approximately $1,471,734.

45.    Upon information and belief, on or about October 24, 2016, Defendant Crooked Lake sold real estate for approximately $513,400.

46.    Upon information and belief, the proceeds from the Alder Creek and Crooked Lake real estate sales were distributed to or for the benefit of Mr. Coyne and/or to the Coyne Trust.

47.    Mr. Coyne and the Coyne Trust were aware at the time such proceeds were received that Alder Creek and Crooked Lake were both jointly and severally liable for the Coyne Controlled Group's withdrawal liability to the Pension Fund.

48.     A principal purpose of the distribution of proceeds to or for the benefit of Mr. Coyne and/or the Coyne Trust was to evade or avoid the payment of withdrawal liability to the Pension Fund.

49.     Thus, pursuant to section 4212(c) or ERISA, 29 U.S.C. § 1392(c), the distributions to or for the benefit of Mr. Coyne and/or to the Coyne Trust may be disregarded in determining and collecting the withdrawal liability.

WHEREFORE, Plaintiff demands that judgment enter against Defendants Thomas M. Coyne and The Thomas M. Coyne Irrevocable Trust in accordance with ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

2.     Awarding the Pension Fund the following amounts:

a.     the withdrawal liability in the amount of $9,862,886;

b.     interest on the withdrawal liability from the date the first payment was due;

c.     liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

d.     all costs and reasonable attorneys' fees incurred by the Pension Fund in connection with this action; and

3.     Ordering such other and further relief as this court may deem just and proper.

Dated: December 17, 2021                                   Respectfully submitted,


Melissa A. Brennan, Esq.
BBO # 669489
**Feinberg, Dumont & Brennan**
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976


/s/ Melissa A. Brennan
Attorney for Plaintiff,
Edward F. Groden

## **CERTIFICATE OF SERVICE**

I, Melissa A. Brennan, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, on this date, to the United States Secretary of Labor, the Department of Treasury and the Pension Benefit Guaranty Corporation.

Dated:  December 17, 2021                                    /s/ Melissa A. Brennan
                                                                              Melissa A. Brennan, Esq.